IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES MOORE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CIVIL ACTION NO.: 1:05-cv-1043-F ) |
| LAMAR GLOVER, et al., | ) "DEMAND FOR JURY TRIAL" ) |
| Defendants. | ) |

## SPECIAL REPORT AND ANSWER

Come now Defendants, **Sheriff Lamar Glover, Commander William McCarty, Nurse Practitioner Darla Speigner and Correction Officer Annette Baxter**, in the above-styled cause and for Answer to Plaintiff's Complaint, state as follows:

1. As to Paragraph 1 of Plaintiff's Complaint, said Defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

2. As to Paragraph 2 of Plaintiff's Complaint, Defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

3. As to Paragraph 3 of Plaintiff's Complaint, said Defendants deny that the constitutional rights of Plaintiff have been violated and demand strict proof thereof.

4. As to Paragraph 4 of Plaintiff's Complaint, Defendants deny that Plaintiff's

constitutional rights have been violated at any time.

5. As to Paragraph 5 of Plaintiff's Complaint, Defendants deny that Plaintiff's Constitutional rights have been violated. Defendant asserts that while in the Houston County Jail, Plaintiff has never been wrongly deprived of a right protected by the United States Constitution and the court decisions interpretive thereof. For more complete factual information regarding Plaintiff's Complaint and Defendants' response thereto, please refer to the **Affidavits of Correction Officer Annette Baxter, Commander William McCarty and Nurse Practitioner Darla Speigner**.

6. As to Paragraph 6 of Plaintiff's Complaint, Defendants assert that the Plaintiff is not entitled to any relief from this Court as there has been no violation, constitutional or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, or alternatively portions thereof, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of Plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

Should the Plaintiff's complaint be construed at any time to claim punitive damages, the Plaintiff is not entitled to any award of punitive damages.

### FOURTH DEFENSE

Defendants assert that cities and counties are absolutely immune from punitive damages under §1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

## FIFTH DEFENSE

Plaintiff is not entitled to any relief requested in the Complaint.

## SIXTH DEFENSE

There is no causal relation between the acts of the defendants and any injury or damage allegedly suffered by the Plaintiff.

## SEVENTH DEFENSE

The allegations contained in Plaintiff's Complaint against the defendants, sued in their individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).*

## EIGHTH DEFENSE

Defendants affirmatively deny any and all alleged claims by the Plaintiff concerning his alleged deprivation of civil rights.

## NINTH DEFENSE

All state claims against Defendants in their official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims against state officials under the Doctrine of Pendant Jurisdiction. *Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 117-121 (1984).*

## TENTH DEFENSE

All federal claims against Defendants in their official capacity are barred by the Eleventh Amendment of the United States Constitution.

## ELEVENTH DEFENSE

In addition to Defendants' Eleventh Amendment defense, they further contend that they are not "persons" within the meaning of *42 U.S.C. § 1983*. The Plaintiff, by suing Defendants in their official capacity, is seeking damages from the State of Alabama. Neither a state, nor its officials, as sued in their official capacities are "persons" under *42 U.S.C. § 1983*. *Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2312 (1989) and Hafer v. Melo, 502 U.S. 21, 22-23 (1991)*.

## TWELFTH DEFENSE

Said Defendants assert the defense of qualified immunity. Further, said Defendants plead the privileges, qualified immunities, absolute immunities, defenses and good faith immunities given to officers of the law, governmental entities or otherwise in the above styled cause. Said Defendants state that any action taken by them was made in good faith and in the performance of their duty as Sheriff/Deputy or Sheriff Department Employee of Houston County, Alabama.

## THIRTEENTH DEFENSE

Said Defendants assert and plead the defense of substantive or state officers immunity under the law of the State of Alabama.

## FOURTEENTH DEFENSE

Alabama law provides tort or other remedies for the allegations made by Plaintiff herein and such remedies are constitutionally adequate.

## FIFTEENTH DEFENSE

Said Defendants assert and plead sovereign immunity provided by *Alabama Constitution 1901, §14*.

## SIXTEENTH DEFENSE

Defendants assert that Plaintiff's Complaint is frivolous and filed in bad faith solely for the

purpose of harassment and intimidation and request this Court pursuant to *42 U.S.C. Section 1988* to award said Defendants reasonable attorneys fees and costs incurred in the defense of this case.

### SEVENTEENTH DEFENSE

Defendants assert that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

### EIGHTEENTH DEFENSE

Said Defendants assert that mere negligence or medical malpractice is insufficient to state a claim. See <u>Rogers v. Evans</u>, *792 F.2d 1052 (11th Cir. 1986)*.

### NINETEENTH DEFENSE

Plaintiff's Complaint does not allege a violation of rights secured by the United States Constitution.

### TWENTIETH DEFENSE

Defendants plead and assert the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *Ala. Code § 6-5-338*, which provides absolute immunity to all peace officers and governmental units.

### TWENTY-FIRST DEFENSE

That the Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to *42 U.S.C. §1997e(a)*. Specifically, Plaintiff has filed this lawsuit against the defendants who are both state officers without first exhausting his administrative remedies by filing a claim with and proceeding before the Alabama State Board of Adjustments as required by *Ala. Code §41-9-60;* and Plaintiff has failed to pursue the administrative remedies available to him in the Houston County Jail by virtue of the Grievances Procedures provided to the inmates therein.

### TWENTY-SECOND DEFENSE

That the Prison Litigation Reform Act amendment to *42 U.S.C. §1997e(c)* mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks money damages from Defendants who are entitled to immunity.

### TWENTY-THIRD DEFENSE

That the Plaintiff failed to comply with *28 U.S.C. §1915* with respect to the requirements and limitations inmates must follow in filing in forma paupers actions in federal court.

### TWENTY-FOURTH DEFENSE

That, pursuant to *28 U.S.C. §1915(f)*, Plaintiff be required to make payment for all court costs in this matter in the same manner as provided for filing fees in *28 U.S.C. §1915(a)(2)*.

### TWENTY-FIFTH DEFENSE

Pursuant to *28 U.S.C. §1915A*, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from Defendants who are state officers entitled to immunity. These same standards are continued and provided for in *42 U.S.C. §1997e(c)*.

### TWENTY-SIXTH DEFENSE

Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act, *Ala. Code §6-5-481, et seq., and §6-5-542, et seq.*

### TWENTY-SEVENTH DEFENSE

Defendants plead the affirmative defense that the Plaintiff's complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render Defendants liable to the Plaintiff as required by *Ala. Code §6-5-551*.

## TWENTY-EIGHTH DEFENSE

Defendants' assert the affirmative defense of the contributory negligence of Plaintiff.

## TWENTY-NINTH DEFENSE

Defendants' assert the affirmative defense of the assumption of the risk by Plaintiff.

## THIRTIETH DEFENSE

Defendants' deny that they breached a duty or obligation owed to the Plaintiff.

## THIRTY-FIRST DEFENSE

Plaintiffs' injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities.

## THIRTY-SECOND DEFENSE

Plaintiff cannot recover against Defendant's as plaintiff's claims are premised upon a *respondeat superior* theory and are due to be dismissed because Defendant Glover cannot be held liable under a theory of *respondeat superior* for the actions of any of his officers.

**Defendants respectfully request this court to treat this Special Report and Answer as Motion for Summary Judgement.**

Respectfully submitted,

SHERRER, JONES & TERRY, P.C.

\s\ Gary C. Sherrer
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

## JURY DEMAND

DEFENDANTS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE AS PROVIDED BY LAW.

\s\ Gary C. Sherrer
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 WEST MAIN STREET
DOTHAN, ALABAMA 36301
(334) 678-0100

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, do hereby certify that I have served a copy of the foregoing upon Charles Moore, #56820, c/o Houston County Jail, 901 East Main Street, Dothan, Alabama 36301 by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 18th day of January, 2006.

\s\ Gary C. Sherrer
OF COUNSEL