**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CHARLES MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 1:05-cv-1043-F** |
| | ) | |
| **LAMAR GLOVER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**AFFIDAVIT**

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Annette Baxter** of the Houston County Sheriffs Department, who is a Corrections Officer for the Houston County Jail, Houston County, Alabama, who being by me first duly sworn, deposes and says as follows:

My name is Annette Baxter, and I am over the age of nineteen (19) years and a resident of Houston County, Alabama.

I am presently employed by the Houston County Sheriff as a Corrections Officer assigned to the Houston County Jail serving with the Houston County Sheriff's Department and was so employed at all times material to this lawsuit. My principal duties involve the administration of the Houston County Jail. Unless otherwise indicated herein, I have personal knowledge of the facts and information contained herein.



EXHIBIT
tabbies
1

On October 12, 2005, I was on duty as a corrections officer in the Houston County Jail. I was assigned to work with another corrections officer in B-Pod within the Jail. B-Pod is where inmates that are on administrative or disciplinary segregation/lockdown are housed. The inmates in B-Pod are allowed out of their cells for exercise and showers only when the other inmates' cells in the Pod are locked down. On October 12, 2005, the plaintiff and his cellmate were out of their cells in the day room for exercise and hygiene at the time lunch/dinner was being served. Because of the timing, the plaintiff and his cellmate were permitted to eat their meal at a table in the day room while they were out of their cells for their exercise and hygiene time. With the assistance of the other corrections officer on duty and a jail trustee, I was giving out food trays one cell at a time. The other corrections officer was in the control room opening each cell door one at a time based on my signal. I would signal for a cell door to be opened and the officer would open the cell door electronically to permit me, with the assistance of a trustee, to deliver each meal tray to the inmate or inmates in the cell. Only one cell door was opened at a time and the open cell door was secured and locked before the next cell door was opened. After the inmates finished eating, the cell doors are again opened one at a time to retrieve the meal trays.

Only one cell is opened at a time in order to keep the inmates in the cells in B-Pod segregated from the inmates in the other cells in that Pod. When the time came to open Jonathan Hogan's cell to take back his food tray, inmate Hogan met me at this cell door and handed me his food tray. Inmate Hogan started talking to me as he often did. I took inmate Hogan's tray and turned to hand it to the trustee who was assisting me. At that time, and without any indication that he was going to do so, inmate Hogan rushed past me to the plaintiff who was in the day room. Inmate Hogan got to the plaintiff only a step or two ahead of me and managed to land a couple of punches with the

soap and batteries he had in a sock. I called for backup as I chased inmate Hogan across the day room. After throwing the couple of quick punches with the sock, I caught up with him and tried to stop the plaintiff and inmate Hogan from fighting. At that point, inmate Hogan stepped back and began swinging the sock containing the soap and two AA batteries from his radio. While retrieving my tazer gun I was struck in the face by the sock and its contents. I withdrew my tazer and yelled a verbal warning that I was going to discharge my tazer if inmate Hogan did not stop immediately. At that time inmate Hogan stopped his aggressive behavior. Inmate Hogan was restrained on the floor and the plaintiff was taken to the Jail medical clinic for evaluation and treatment as deemed necessary by the medical staff. I also was evaluated by the Jail's medical staff with regard to the injury to my face. According to his file, the plaintiff was, as a precaution, taken to the Southeast Alabama Medical Center for evaluation and testing.

With regard to the plaintiff's claims that the jail staff failed to protect him, the plaintiff never complained before October 12, 2005, that he was in danger, had been threatened or was in fear of another inmate. The plaintiff never submitted an inmate request form before he was attacked on October 12, 2005, that he was in danger, had been threatened or was in fear of another inmate in B-Pod where he was confined. No grievance has ever been filed by the plaintiff with regard to his being in danger, that he had been threatened or that he was in fear of another inmate, including but not limited to inmate Hogan.

At the time the plaintiff was attacked by inmate Hogan, I was one of two corrections officers on duty in B-Pod which contains only nine (9) two-man cells and one (1) one-man cell. All reasonable steps were taken with regard to providing for the safety of the plaintiff and maintain good order, institutional security, discipline and safety consistent with the administration of the jail.

At the time of inmate Hogan's attack, inmate Hogan was on protective custody lockdown in a cell by himself. Prior to that incident, inmate Hogan gave no indication that he was or may become violent. To the contrary, inmate Hogan appeared to be timid and afraid of everyone in the Jail. Prior to the incident made the basis of this lawsuit, inmate Hogan had no history of violence while in the Jail.

At the time of the incident, the plaintiff was in lockdown and had a history of violence with other inmates. Before the incident made the basis of this lawsuit, the plaintiff never notified me and according to the Jail's records, never notified any Jail staff member that inmate Hogan had threatened him or that the plaintiff wanted to be protected from inmate Hogan.

After the incident, inmate Hogan told me that it was the plaintiff who had threatened him and that he [Hogan] was trying to preempt the plaintiff's threat by attacking the plaintiff first. Because of this incident, inmate Hogan not only lost the privilege of having a battery-powered radio in his cel, but also received disciplinary sanctions as a result of his aggressive behavior.

Annette Baxter

ANNETTE BAXTER

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Annette Baxter**, who being sworn by me according to law, deposes and states that the matters and things alleged is in the above Affidavit are true and correct to the best of her information, knowledge and belief.

Sworn to and subscribed before me on this the 18th day of January, 2006.

Deborah J. Ennis

NOTARY PUBLIC
My Commission Expires: 12-9-2008